UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>    Appellant,<br><br>-against-<br><br><br>PT-1 COMMUNICATIONS, INC., PT-1 LONG DISTANCE, INC., PT-1 TECHNOLOGIES, INC.,<br><br>    Appellees. | 09-cv-4626<br><br><br><u>OPINION AND ORDER</u><br><br><br>NOT FOR PRINT OR ELECTRONIC PUBLICATION |

------------------------------------------------------------------------X

ROSS, United States District Judge:

  The Universal Service Administrative Company ("USAC" or "the creditor") has appealed the bankruptcy court's order denying its motion to reconsider that court's May 30, 2002 order reducing USAC's claim against the debtor PT-1 Communications ("PT-1" or "the debtor").

## BACKGROUND

  USAC is a private, non-profit corporation that administers the universal service fund ("USF") under the direction of the Federal Communications Commission ("FCC") pursuant to the terms of 47 C.F.R. § 54. Telecommunications carriers that provide interstate services to end-users are required, under the Telecommunications Act of 1996, to contribute to the USF in order to subsidize telecommunications services for schools, libraries, health care providers, and low-income consumers in high cost areas. The amount of a carrier's mandatory USF contribution is calculated based on a percentage of the carrier's interstate and international revenues.

  The debtor filed its Chapter 11 petition on March 9, 2001. On April 9, 2001, the National Exchange Carrier Association ("NECA") timely filed a proof of claim on USAC's behalf,

1

asserting an unsecured claim of $5,745,552.65 against the debtor (the "Claim"). The Claim stated that it was based on a "Federal Universal Service Obligation," which was incurred on December 15, 2000, January 16, 2001, February 14, 2001, and March 15, 2001. The Claim listed "80 S. Jefferson Rd, Whippany, NJ 07981" as USAC's address for noticing purposes. This address belonged to NECA, USAC's bankruptcy claims agent at the time.

On May 1, 2002, the debtor filed a motion objecting to a number of claims against the estate, including USAC's claim, which the debtor sought to reduce from $5,745,552.65 to $2,526,670. The docket entry for the motion did not identify USAC's claim as one of the claims subject to the motion. (No. 01-12655 (Bankr. E.D.N.Y.) (CEC) Dkt. No. 341.) An affidavit of service filed with the motion stated that, on April 26, 2002, the notice of hearing on the motion and the motion were served on USAC at the address listed on the Claim. USAC never filed a response to debtor's motion. It claims that effective July 1, 2001, USAC terminated its bankruptcy agent relationship with NECA and retained PriceWaterhouseCoopers ("PWC") to act as its claims agent. USAC further claims that as part of the transition from NECA to PWC, a notice was prepared and sent to the bankruptcy court's clerk with the change of address, but that the notice was either not received or was ignored.

On May 30, 2002, the bankruptcy court issued the Claim Order granting the debtor's motion and reducing USAC's claim from $5,745,552.65 to $2,526,670 ("Claim Order"). The docket entry for the Claim Order made on June 6, 2002 did not identify USAC's claim as one of the claims affected by the order. (No. 01-12655 (Bankr. E.D.N.Y.) (CEC) Dkt. No. 353.)

USAC states that it did not learn of the Claim Order and reduction until September 2003, through investigation by its outside bankruptcy counsel, at which point USAC and PT-1 engaged in negotiations in an effort to resolve the matter. However, in February 2004, PT-1's counsel

advised USAC that the creditor's committee appointed in the debtor's bankruptcy cases would not agree to any modification of USAC's reduced claim. In May 2004, USAC filed a motion to reconsider the Claim Order pursuant to Fed. R. Bankr. P. 3008 and 11 U.S.C. §§ 105(a) and 502(j). At a hearing on August 19, 2004, the bankruptcy court, in an oral ruling, denied USAC's motion. That decision was memorialized in a written order dated September 2, 2004. (No. 01-12655 (Bankr. E.D.N.Y.) (CEC) Dkt. No. 749.)

USAC then appealed the order denying its motion for reconsideration. See No. 04-cv-4622 (E.D.N.Y. 2004) (ARR). On January 19, 2005, I remanded USAC's motion to the bankruptcy court, and directed the court to consider whether under Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), USAC was entitled to relief from the Claim Order on the basis of "excusable neglect." See No. 04-CV-4622, Dkt. No. 9 (Jan. 19, 2005).

Following discovery, on August 5, 2008, USAC renewed its motion for reconsideration of the Claim Order and sought restoration of its Claim to the full amount of the original claim. (No. 01-12655 (Bankr. E.D.N.Y.) (CEC) Dkt. No. 1099.) On August 28, 2009, the bankruptcy court denied USAC's motion for reconsideration of the Claim Order. See In Re PT-1 Communications, Inc., 412 B.R. 85 (Bankr. E.D.N.Y. 2009). The bankruptcy court first rejected USAC's claim that the time to seek reconsideration of the Claim Order never began to run because the docket entry did not list the Claim as one of the claims affected by the Claim Order. Second, the court rejected the argument that the docket entry should be corrected under Rule 60(a), thus commencing the time to seek reconsideration. Third, the bankruptcy court found that Claim Order was not "entered without a contest" under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60(c)(1), and thus USAC's motion was untimely as it was filed more than a year after the date

of entry of the Claim Order. Finally, the bankruptcy court rejected USAC's claim for relief under Fed. R. Civ. P. 60(b)(6). USAC now appeals.

## DISCUSSION

A. Standard of Review

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo. Asbestosis Claimants v. United States Lines Reorganization Trust (In re United States Lines, Inc.), 318 F.3d 432, 435 (2d Cir. 2003). Findings of fact made by a bankruptcy court may not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "Mixed questions of law and fact are reviewed de novo. Matters left to the court's discretion are reviewed for abuse of discretion." In re Hirsch, 339 B.R. 18, 24 (E.D.N.Y. 2006) (internal citation omitted). "Abuse of discretion may be found where the Bankruptcy Court has relied on clearly erroneous findings of fact or on an error of law." In re Northwest Airlines Corp., 2006 WL 2642194, at *7 (S.D.N.Y. Sept. 14, 2006) (internal quotations omitted).

B. The Bankruptcy Court Did Not Err in Finding "Entry" of the Claim Order

USAC first argues that because the docket entry for the Claim Order reducing its claim, (Dkt. No. 353), did not include reference to its Claim, the Claim Order was not "entered." Thus, USAC argues, the time to seek reconsideration never began to run. I find that the Bankruptcy Court did not err in rejecting this claim.

Bankruptcy Rule 5003(a) provides that the clerk of the court "shall keep a docket in each case under the [Bankruptcy] Code and shall enter thereon each judgment, order, and activity in

4

that case as prescribed by the Director of the Administrative Office of the United States Courts."

Fed. R. Bankr. P. 5003(a). An order or judgment is not effective until it is entered on the docket.

Fed. R. Bankr. P. 9001(7), 9021; Barbieri v. RAJ Acquisition Corp. (In re Barbieri), 199 F.3d

616, 622 (2d Cir.1999).

In Gravel and Shea v. Vermont Nat. Bank, 162 B.R. 969, 972 (D.Vt. 1993), a case on which USAC relies, an original docket entry in the bankruptcy court made on February 7, 1992 stated that the defendant's motion for reconsideration was granted, when in fact, it had been denied. On June 20, 1992, the docket was corrected to reflect that the motion had been denied, and stated that the February docket entry had been in error. Id. at 972. The district court was faced with whether "the incorrect entry can be considered an "entry" . . . for the purpose of starting the appeal period. Id. The court found that the order that Gravel and Shea sought to appeal "was arguably never entered on the docket on February 7. Rather, the entry reflected an order (granting reconsideration) which did not exist." Id. at 973. The court stated that "[a]lthough the Bankruptcy Rules do not explicitly state that the entry on the docket must be correct to be effective, to hold otherwise could lead to serious prejudice to a party's right to appeal." The court specifically rejected a standard of whether a party has actual knowledge of the substance of the decision, stating that such a standard "would place the Court in the unenviable position of evaluating each party's actual reliance on the docket and undermine the consistency sought by bright line appeals periods." Id. at 973 n.5.

In this case, the Bankruptcy Court found that Gravel and Shea was distinguishable. The court found that here, unlike in Gravel and Shea, the docket entry for the Claim Order was correct; it just did not identify USAC as a party affected by the Claim Order. In Re PT-1

5

Communications, Inc., 412 B.R. at 90. I agree, and decline to find that an omission of part of a docket entry renders the relevant order not "entered" under the Bankruptcy Rules.

The local Bankruptcy Rules do not define "entry" of an order, and the local rules require only a "notation in the appropriate docket" of an order or judgment. E.D.N.Y. LBR 9021-1(a). It is more persuasive that a docket entry "which indicates a judgment directly opposite to the court's decision must be set aside as improvidently entered without the direction of the court." O'Brien v. Harrington, 233 F.2d 17, 20 (D.C. Cir. 1956). The situation where an order deals with numerous claims and not all claims or parties are listed in the docket entry, however, is not one in which the docket entry indicates a judgment "directly opposite" to the court's decision. Rather, it is an entry involving a clerical error or omission. In other contexts, federal courts and litigants are often cautioned against relying on docket sheets because of such clerical errors. See, e.g., United States v. Strickland, 601 F.3d 963, 976 (9th Cir. 2010) ("The case law is replete with references to docket sheet errors involving dates on which judgments or motions were filed."). Courts have additionally warned that "the lesson to be learned is that attorneys should not merely trust the docket sheet to provide necessary deadlines, but should also conduct their own, independent research and verification." Sec. Exch. Comm'n v. Breed, 2004 WL 1824358, at *8 n. 2 (S.D.N.Y. Aug 13, 2004).

Because the applicable rules do not define "entry," and because the docket sheet contained a clerical error and did not indicate a judgment directly opposite to the court's decision, I decline to find that the Claim Order was never "entered." Thus, I find that the bankruptcy court below did not err in finding that the Claim Order was entered on June 6, 2002. (No. 01-12655 (Bankr. E.D.N.Y.) (CEC) Dkt. No. 353.)

6

USAC also argues, for the first time, that the Claim Order was "not a final action of the bankruptcy court as to matters decided and therefore may not be 'entered' as judgment." (Appellant's Br. at 11.) "[I]t is a well established general rule that an appellate court will not consider an issue raised for the first time on appeal." See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir.2005) (quoting Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994)); see also Morrison v. U.S. Trustees, 2010 WL 2653394, at *4 (E.D.N.Y. 2010). "[T]he circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." Kendall v. Employees Retirement Plan of Avon Products, 561 F.3d 112, 123 (2d Cir.2009) (quoting In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks and alterations omitted)). Because USAC had the opportunity to raise this particular argument below, I decline to exercise my discretion to address it for the first time on appeal.

Accordingly, USAC's motion must be evaluated under Rule 60.[1]

C. The Bankruptcy Court Did Not Err in its Application of Rule 60

1. *Rule 60(a)*

Fed. R. Civ. P. 60(a) provides that:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

---

[1] USAC also relies on Trans Union Leasing Corp. v. Alithochrome Corp. (In re Alithochrome Corp.), 34 B.R. 354 (Bankr.S.D.N.Y.1983). In that case, a judgment was entered on the docket of an adversary proceeding, but not on the docket of the main bankruptcy case. Alithochrome, 34 B.R. at 356. However, Alithochrome does not stand for the proposition that the judgment was never "entered" under the applicable rules, as relief was granted under Rule 60(b)(6). Id. at 357.

Fed. R. Civ. P. 60(a).

USAC argues that this court should grant leave for the Bankruptcy Court to correct the docketing error under Rule 60(a). Once corrected, USAC argues, the time to seek reconsideration will commence. The Bankruptcy Court, relying on direct appeal cases, rejected this argument, finding that "a party's time to seek review of an order is not tolled, or does not begin to run anew, upon the reentry or the correction of an order, where the substance of the order is not changed." USAC argues that cases which find that the time for a direct appeal is not restarted by the correction of an error under Rule 60(a) are not applicable here, as the time for direct appeals is governed by specific statutes. See FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952) (timeliness of appeal from Court of Appeals to Supreme Court, governed by 28 U.S.C. § 2101); Carroll v. United States, 339 F.3d 61, 71 (2d. Cir. 2003) (timeliness of appeal from Tax Court to Court of Appeals, governed by 26 U.S.C. § 6229); Rezzonico v. H & R Block, Inc., 182 F.3d 144, 150-151 (2d. Cir. 1999) (timeliness of appeal from district court to Court of Appeals governed by Fed. R. App. P. 4(a)). However, the fact that the above cases depend on statutes which limit appellate jurisdiction does not prevent their applicability to the case at hand. The underlying principle in the cases is one of finality, which is equally applicable to the time in which motions for reconsideration are sought. See FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. at 213 (". . . we do mean to encourage applicants to this Court to take heed of another principle - the principle that litigation must at some definite point be brought to an end."). As in the direct appeal cases, if the docket were altered to reflect a reduction of USAC's claim under Rule 60(a), it would not amount to a substantive change in the underlying decision warranting renewal of the time in which to seek reconsideration. Accordingly, I find that the Bankruptcy Court did not err in denying relief

under Rule 60(a) and finding that June 6, 2002 remains the date from which time to seek review is calculated.

### 2. *Rule 60(b)(1) and Rule 60(c)*

USAC claims that the Bankruptcy Court erred in finding that the Claim Order may not be reconsidered due to "excusable neglect" under Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(1) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60 is made applicable to bankruptcy cases through Bankruptcy Rule 9024, which states that:

> Rule 60 F. R. Civ. P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c) . . . .

Fed. R. Bankr. P. 9024.

Following the 2005 remand in this case for application of <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993), the Second Circuit decided <u>Pleasant v. TLC Liquidation Trust (In Re Tender Loving Care Health Services, Inc.)</u>, 562 F.3d 158 (2d Cir. 2009). In <u>Tender Loving Care</u>, the creditor filed a timely proof of claim, to which the debtor objected. 562 F.3d at 159. The creditor was served with notice of the objection to the claim, after which settlement negotiations took place. The parties informed the court that they

had reached an agreement, and the court entered an order reflecting the agreement. Id. at 160. Therafter, the trustee determined that the claim included an interest amount that contravened bankruptcy code, and thus paid the creditor less than the amount reflected in the agreement. Id. The creditor then filed a motion to compel full payment of its claim, which the trustee subsequently opposed. The bankruptcy court denied the creditor's motion and read the debtor's opposition papers as a cross-motion for reconsideration and reduction of the claim, and granted the motion. Id. The bankruptcy court found that the claim was not time barred by Rule 9024, finding that the claim was allowed "without a contest." Id. at 161. The bankruptcy court found that because the creditors did not file a reply to the debtor's objection and a court order was entered following a settlement, the claim was allowed "without a contest." Id. The district court affirmed the decision of the bankruptcy court.

On appeal to the Second Circuit, the court considered whether the claim was "entered without a contest" under Rule 9024. The court held "when a debtor files an objection to a claim, the objection has initiated a contested matter. Thus, when thereafter resolved, the claim cannot be held to have been 'entered without a contest.'" Id. at 162. As the bankruptcy court in this case noted, however, there was no dispute in Tender Loving Care that the creditor received notice of the debtor's objection to its claim.

In this case, the bankruptcy court applied Tender Loving Care, and found that because the Claim Order was not "entered without a contest," USAC's motion would only have been timely if it had been made within a reasonable time, not to exceed one year after the entry of the Claim Order. Because the motion was untimely under Rule 60(c)(1), the bankruptcy court did not reach the issue of "excusable neglect" under Rule 60(b)(1) as interpreted by Pioneer.

USAC argues that <u>Tender Loving Care</u> was either misapplied to the case at hand, or incorrectly decided. USAC argues that the relevant question under Rule 9024 is not whether the "claim" was "entered without a contest," but rather whether the "order allowing or disallowing the claim," that is, the bankruptcy court's order reducing the claim, was contested. Under USAC's argument, because the PT-1's challenge to the claim amount was not contested, USAC's motion for reconsideration is not subject to the one year limitations period under Rule 60(c)(1).

In <u>Tender Loving Care</u>, the debtor's motion to reconsider must be read as a motion for reconsideration of the court's *order* setting the amount of the claim entered after the parties settled. The debtor sought to have the amount as reflected in the court's post-settlement order reconsidered and reduced. <u>Id.</u> at 160. However, whether the debtor sought to reduce the amount as reflected in the *order* or the original *claim* is of no relevance, as the Second Circuit found that any filing of an objection to a claim creates a disputed *matter*. <u>Id.</u> at 162. Thus, as applied here, when PT-1 filed its objection to USAC's original claim in May of 2002, it created a disputed *matter*, which, although "thereafter resolved[,] . . . cannot be held to have been 'entered without a contest.'" <u>Id.</u> To the extent USAC argues that <u>Tender Loving Care</u> should be reversed, (Appellant's Br. at 15), it is the law of this circuit, and will be applied as such.

Thus, upon PT-1's filing of objections to USAC's claim,[2] a contested matter was initiated. Accordingly, the bankruptcy court below did not err in finding that the Claim Order reducing USAC's claim was not "entered without a contest." Because the Claim Order was not "entered without a contest" under <u>Tender Loving Care</u>, any relief sought under 60(b)(1) must have been sought within a year, and was thus untimely.

---

[2] The bankruptcy court below also made a finding of fact that the debtor properly filed and served its motion objecting to the Claim. USAC does not specifically challenge this finding of fact. In any event, I do not find the bankruptcy court's finding of fact on this issue to be clearly erroneous.

3. *Rule 60(b)(6)*

Rule 60(b)(6) reads in relevant part that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." USAC argues that the Bankruptcy Court erred in holding that USAC was not entitled to have the reduction of its claim reconsidered pursuant to Rule 60(b)(6). Rule 60(b)(6) is not subject to the one year limitation discussed above. Fed. R. Civ. P. 60(b)(c).

In Pioneer, the Supreme Court held that "Rule 60(b)(6) . . . empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of the judgment.' [Sections (b)(1) through (b)(5) and Section (b)(6)] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' [under (b)(1)] may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer, 507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, and n. 11 (1988)). The Second Circuit has reiterated this view. See New York v. Green, 420 F.3d 99, 108 n.3 (2d Cir. 2005) ("In the past we have stated that motions under Rule 60(b)(6) may not be based on excusable neglect and are proper only where the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)."); see also Aczel v. Labonia, 584 F.3d 52, 69 (2d Cir. 2009) (stating that Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)") (internal citations omitted).

USAC attempts to circumvent this precedent by arguing that the bankruptcy court never found that USAC had "actual" notice of PT-1's motion to reduce USAC's claim, only that USAC had not overcome a presumption that it had received notice. First, such a reading of the

12

decision below is improper. As the bankruptcy court noted, "[p]roof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was *actually* received by the person to whom it was addressed." Hagner v. United States, 285 U.S. 427, 430 (1932) (emphasis added). Additionally, the bankruptcy court found that "USAC had notice of the Debtor's motion." In Re PT-1 Communications, Inc., 412 B.R. at 97. Accordingly, because USAC was found to have notice, its motion was premised on a failure "to take timely action due to 'excusable neglect,'" and thus USAC "may not seek relief more than a year after the judgment by resorting to subsection (6)." See Pioneer, 507 U.S. at 393 (citations omitted).

Additionally, Rule 60(b)(6), while not subject to the one year limitation period discussed above, still must brought within a reasonable time. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). USAC first raised a Rule 60(b)(6) claim in a 2009 supplemental motion following the Second Circuit's decision in Tender Loving Care. (Appellant's June 1, 2009 Supp. Mem.) Thus, the motion was not filed within a "reasonable time." See Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir. 1995) (motion filed 17 months after grounds for motion became apparent not filed within a "reasonable time" under Fed. R. Civ. P. 60(b)(6)); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979) (motion filed one year after order entered not filed within a "reasonable time" under Fed. R. Civ. P. 60(b)(6)).

While I take no position on the merits of USAC's challenge to the reduction of its initial claim amount, under these circumstances, I cannot find that the bankruptcy court erred in denying USAC's Rule 60(b)(6) claim.

## CONCLUSION

For the reasons set forth above, the judgment of the bankruptcy court is affirmed. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

                                                      s/ ARR
                                      _____
                                      Allyne R. Ross
                                      United States District Judge

Dated: September 28, 2010
       Brooklyn, New York

Service List:

<u>Attorney for Appellant</u>:
Jonathan T. Cain
Mintz Levin Cohn Ferris Glovsy and Popeo, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017


<u>Attorney for Appellee</u>:
Laurence May
Cole Schotz Meisel Forman & Leonard, PA
900 Third Avenue
16th Floor
New York, NY 10022